O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARTIN CRUZ HERNANDEZ,    )    CASE NO. CV 08-06572 RGK (RZ)
                          )
              Plaintiff,  )
                          )
       vs.                )    MEMORANDUM AND ORDER RE
                          )    PLAINTIFF'S "CIVIL COMPLAINT
                          )    FOR INJUNCTIVE RELIEF"
CORRECTIONAL LIEUTENANT   )    [filed Nov. 21, 2008]
RICOCO, ET AL.,           )
                          )
              Defendants. )
_____)

The Court construes Plaintiff's November 21, 2008 "Civil Complaint For Injunctive Relief" as an *ex parte* motion seeking a temporary restraining order (TRO). The Court DENIES the application for the following reasons.

The *in forma pauperis* and *pro se* plaintiff, Martin Cruz Hernandez, is a federal prisoner at Lompoc. He commenced this *Bivens* action with a complaint filed on October 21, 2008, alleging that a guard, defendant Ricoco, beat him in June 2008 while Plaintiff was handcuffed, and that other defendants threatened to retaliate against Plaintiff if Plaintiff pursued litigation in response. The Clerk sent service-of-process-related forms to Plaintiff on November 7, 2008, but service of process is not yet perfected.

Plaintiff now seeks a TRO barring prison officials from transferring him. He explains that he fears a retaliatory transfer due to his litigation (and also due to a letter sent in August 28 calling for Ricoco to be prosecuted criminally). Any transfer, he speculates,

would keep him "from his legal paperwork for an indefinite time," and, he further speculates, would be undertaken with the purpose of interfering with his litigation. Because no defendant yet has appeared or even has been served with process, this motion is made on an *ex parte* basis.

The standard for granting a TRO is essentially identical to that used for granting a preliminary injunction. *See* FED. R. CIV. P. 65(b); *City of Tenakee Springs v. Block*, 778 F.2d 1402, 1407 (9th Cir. 1985). The Court must balance "the plaintiff's likelihood of success against the relative hardship to the parties." *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). The Ninth Circuit has provided two sets of criteria for courts to consider. "Under the traditional criteria, a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases) . . . . Alternatively, a court may grant the injunction if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005) (emphasis in original) (citation and internal quotation marks omitted).

"These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum." *Id*. (citation and internal quotation marks omitted). As a result, "the greater the relative hardship to the party seeking the [temporary restraining order], the less probability of success must be shown." *Clear Channel*, 340 F.3d at 813 (internal brackets omitted).

Here, even if the Court generously assumes for the sake of discussion that Plaintiff shows a strong likelihood of success on the merits, he asserts absolutely no *irreparable* harm that may befall him absent issuance of a TRO. Plaintiff alleges that he fears he may be transferred for retaliatory reasons, and that, if this occurs, he may be

separated temporarily from his legal papers.  Such allegations simply do not indicate any threat of irreparable harm.  Should Plaintiff successfully plead and prove such allegations, then his legal remedies, presumably including injunctive relief and possibly including damages, will suffice.

If the prison's conduct, unrestrained by a TRO, somehow results in the dismissal of a legal claim or other "actual injury," then Plaintiff may bring a collateral action – a case within a case – asserting not only that his prior claims were meritorious, *i.e.*, that Plaintiff was damaged as a result, but also that Defendants' alleged wrongdoing constituted a denial of Plaintiff's right of access to the courts.  The Court expresses no view on the merits of such an action.  Rather, the point here is that Plaintiff  *would* have an apparently adequate remedy if he proved his assertions, contrary to his implicit argument that he will suffer *irreparable* harm if the Court issues no TRO.

Nor does the balance of hardships "tip[] sharply in [Plaintiff's] favor," particularly given the alacrity with which Plaintiff has proven capable of filing a lawsuit and the current application for a TRO.  This suggests that prison officials are not preventing Plaintiff from accessing the Court, whether or not, as Plaintiff alleges, they *might* improperly transfer him to another prison so as to burden his ability to litigate his claims in the future.

For the foregoing reasons, Plaintiff's TRO application is DENIED.


IT IS SO ORDERED.


DATED: December 9, 2008




_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE